# EXHIBIT "A"

1/4/2018 5:41 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-18-000070**
**Selina Hamilton**

CAUSE NO. **D-1-GN-18-000070**

| | | |
|---|---|---|
| **CANYON OAKS, LP,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **ZURICH AMERICAN INSURANCE** | § | |
| **COMPANY AND R.L. YOUNG, INC.** | § | |
| **D/B/A YOUNG & ASSOCIATES** | § | |
| | § | |
| **Defendant.** | § | **201st JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Canyon Oaks, LP (hereinafter "Plaintiff"), and complains of Defendant Zurich American Insurance Company (hereinafter "Zurich") and R.L. Young, Inc. d/b/a Young & Associates (hereinafter "Young & Associates). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.     Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES, JURISDICTION AND VENUE

2.     Plaintiff Canyon Oaks, LP is a Delaware limited partnership registered to do business in Texas with its principal place of business at 3100 McKinnon Street, Suite 250, Dallas, TX, 75201. Canyon Oaks, LP owns the apartment community located in Travis County known as Solaris Apartments, located at 1601 Royal Crest Drive, Austin, TX 78741 (the "Property").

3.   Defendant Zurich is a New York insurance company doing business in Texas procuring and adjusting policies. Zurich's attorney for service in Texas is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.   Defendant, Young & Associates is a Nevada building consulting company doing business in Texas providing damage assessments, cost estimating and project management for insurance claims. Young & Associates may be served through its registered agent, the Corporation Trust Company at 701 South Carson Street, Suite 200, Carson City, Nevada 89701.

### III.
### JURISDICTION AND VENUE

5.   This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law.  The amount in controversy exceeds the minimum jurisdictional limits of this Court.

6.   This court has jurisdiction over Zurich and Young & Associates because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over Defendants and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.   Venue is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events giving rise to this suit occurred within Travis County.

### IV.
### NATURE OF THE CASE AND BACKGROUND FACTS

8.   This matter is a first party insurance dispute regarding the extent of damages and amount of loss suffered at the Property.  In addition to seeking economic and penalty based

damages from Zurich, Plaintiff also seeks compensation from Young & Associates and its agents for damages caused by improperly evaluating the extensive losses associated with this case.

9.   Plaintiff is a named insured on Zurich's commercial insurance policy CPO 9819368-01 (the "Policy") covering the Property for loss due to wind and rain, among other enumerated perils from April 29, 2015 to April 29, 2016.

10.  On or about March 24, 2016, a severe weather event struck Austin, Texas, and its surrounding counties and towns with extraordinary and sustained winds, and strong gusts, enduring at the ground level. Accordingly, the Property suffered significant damage due to the storm.

11.  In the aftermath, Plaintiff submitted a claim to Zurich against the Policy for roof damage and water damage that the Property sustained as a result of the weather event. Plaintiff sustained extensive damage to its TPO (flat) roofs, its composition shingle roofs and the interiors of its buildings as outlined in the damage report and estimate prepared by Plaintiff's forensic consultant. Plaintiff provided the O'Leary report to Zurich months prior to Plaintiff filing this suit.

12.  On July 22, 2016, following Zurich's first inspection, Zurich sent a simple two-page denial letter to Plaintiff stating, "…we have completed our investigation and determined no evidence of wind or hail damage to the roofs, windows, gutters/downspouts or mechanical systems found." No further details were provided in the letter, and no damage report or other forensic documents were received by Plaintiff.

13. In February 2017, Plaintiff provided Defendants with Mr. O'Leary's report and estimate, which found $5,312,321.00 in damages caused by the storm. Among other conclusions, Mr. O'Leary found that all of the shingle roofs inspected had widespread seal strip failure, which was caused by a recent event, and not by any defect in the seal strip. Mr. O'Leary also stated that

there were indications of significant water damage in the interiors of the buildings.  More specifically, approximately 80% of the apartments examined had water damage, including but not limited, to water stains and early stage topical mold, and approximately 34% of that 80% had a musty odor indicative of an active fungi colony.

14. Thereafter, Zurich assigned Young & Associates to investigate and evaluate Plaintiff's claim.

15. On August 9th and 10th, 2017, Zurich's national general adjuster and two consultants from Young & Associates conducted a second set of inspections of the Property, along with Mr. O'Leary. However, Defendants' August inspections were inadequate in a number of ways.

16. First, Defendants inspected the shingle roofs mid-day, at a time when the heat was so high, that the testing did not accurately reflect the uplift resistance that would be exhibited during a storm. This was done despite Mr. O'Leary's personal objections made right before the inspection and in his written report. At the least, Defendants should have inspected the shingle roof before the flat roof—when it was earlier in the day, and therefore cooler.

17. During this inspection, Zurich and Young & Associates also declined to use moisture meters or take note of moisture meter readings in the interiors of the buildings, declined to enter any attics to investigate the leaks there, and declined to take photographs or examine certain unweathered broken tree branches at or around the premises.

18. Plaintiff objected to all of these inspection failures in its October 17, 2017 correspondence sent to Defendants.

19. In November 2017, Zurich conducted a third set of inspections of the Property with its retained engineer from Nelson Forensics & Consulting.

20. To date, despite three separate sets of inspections by Defendants and being apprised of Plaintiff's forensic consultant's findings, Defendants have yet to produce any forensic reports or estimates, or any other evidence proving that there was no covered damage to the Property.

21. Zurich, through its own national general adjuster, and Young & Associates, through its agents, conducted a substandard, result-oriented inspection of Plaintiff's property. The inadequacies of Defendants' inspections are evidenced by their failure to find any damage to the Property. In contrast to the findings of Defendants' substandard investigation, Plaintiff's forensic consultant found $5,312,321.00 in damages caused by the storm. As stated above, these findings were provided to Defendants months before Plaintiff filed suit.

22. As a result of both Zurich and Young & Associates' improper investigations, Zurich has refused to provide Plaintiff with any funds to cover the costs of adequate repairs for the damages sustained. Zurich and Young & Associates' inadequate investigations further resulted in Plaintiff's claim being improperly denied and delayed even though the Policy provided coverage for the losses suffered by Plaintiff.

23. Zurich failed to properly oversee both its own national adjuster and Young & Associates during the investigation of Plaintiff's claim, resulting in an unreasonable investigation and improper handling. As a result of Zurich's failures, Plaintiff's claims were not paid.

24. Zurich and Young & Associates misrepresented to Plaintiff that there were no damages, when, in fact, there are over $5,000,000.00 in damages caused by the storm.

25. Ultimately, Zurich and Young & Associates underscoped and undervalued Plaintiff's damages, thereby delaying the claim and depriving Plaintiff of the adequate payment it is due under the Policy.

26. Pursuant to its obligations as a policy holder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, in the months following the filing of its claim, Plaintiff provided information to Zurich, and gave Zurich opportunities to inspect the Property.

27. Despite Plaintiff's efforts, Zurich continually failed and refused to pay Plaintiff in accordance with its promises under the Policy. Zurich further failed to make any attempt to settle Plaintiff's claims in a fair manner, although its liability to Plaintiff under the Policy is without dispute.

28. Zurich has failed to sufficiently explain the reasons for its refusal to offer adequate compensation for the damage to the Property. To date, Plaintiff has only received the letter referenced in paragraph 12 with no forensic evidence to back it up.  Zurich did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy.

29. Zurich has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Zurich in a timely manner.

30.  Zurich has, to date, refused to fully compensate Plaintiff under the terms of the Policy that Plaintiff paid for, even though it was Zurich that failed to conduct a reasonable investigation. Ultimately, Zurich performed a result-oriented investigation of Plaintiff's claims that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

31.  Zurich failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting

all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

32.   As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Zurich.   Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

33.   All conditions precedent to recovery by Plaintiff have been met or have occurred.

## VI.
## CAUSES OF ACTION AGAINST ZURICH

### Count I - Negligence

34.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.   Zurich owed a legal duty to Plaintiff to properly adjust the structural loss, property damage and other insurance losses associated with the Plaintiff's Property.   Zurich breached this duty in a number of ways, including but not limited to the following:

> a.   Zurich was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's commercial property loss;

> b.   Zurich had a duty to competently and completely handle and pay all damages associated with Plaintiff's commercial Property; and/or

> c.   Zurich failed to properly complete all adjusting activities associated with Plaintiff.

36.   Zurich's acts, omissions, and/or breaches directly and proximately caused damage to Plaintiff.

## Count II – Breach of Contract

37.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

38. The Policy constitutes a valid and enforceable contract between Zurich and Plaintiff.

39.  Under the Policy, Zurich had the absolute duty to properly investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for claims made due to the extensive damages caused by the severe weather event.

40.  As a result of the severe weather event, Plaintiff's Property suffered severe external and internal damages, and Plaintiff suffered additional business losses.

41.  Despite objective evidence of such damages, Zurich breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff's benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damage, including, but not limited to: actual property damage, business losses, expenses incurred to continue operations, engineering and estimating expenses and attorney's fees and costs.

## Count III – Violations of Texas Deceptive Trade
## Practices Act and Tie-In-Statutes

42.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

43.  Zurich's actions constitute violations of the Deceptive Trade Practices Act ("DTPA"), including but not limited to Sections 17.46(b), and Section and 17.50(a)(3) and (4) of the Texas Business and Commerce Code.

44.  Zurich engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

8

a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

c.    Using or employing an act or practice in violation of the Texas Insurance Code;

d.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claims;

e.    Failing to properly investigate Plaintiff's claims; and/or

f.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Zurich in low-balling and/or denying Plaintiff's claim.

45.  Zurich represented to Plaintiff that the Policy and Zurich's adjusting and investigative services had characteristics or benefits that they actually did not have, which entitles Plaintiff to recover under DTPA Section 17.46(b)(5).

46.  Zurich represented to Plaintiff that the Policy and Zurich's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, in violation of DTPA Section 17.46(b)(7).

47. Zurich represented to Plaintiff that the Policy and Zurich's adjusting and investigative skills conferred rights, remedies, or obligations which they did not, in violation of DTPA Section 17.46(12)

48. More specifically, among other representations, Zurich represented that it would completely, adequately and thoroughly investigate and handle Plaintiff's claim and pay the entire

amount needed by Plaintiff to repair the damages caused by a severe wind event. Because Zurich

has failed to do so, it has violated Sections 17.46(b)(5), (7), and (12) of the DTPA.

49.  Zurich has breached an express warranty that damage caused by a severe wind event

would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover

under DTPA Sections 17.46(b)(12) and (20) and 17.50(a)(2).

50.  Zurich's actions, as described herein, were unconscionable in that they took advantage

of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Zurich's

unconscionable conduct entitles Plaintiff to relief under DTPA Section 17.50(a)(3).

51.  Zurich's conduct, acts, omissions, and failures, as described in this Petition,

constituted unfair practices in the business of insurance in violation of DTPA Section 17.50(a)(4).

52.  Plaintiff was a consumer, as defined under the DTPA, and relied upon Zurich's false,

misleading, and deceptive acts and practices to its detriment. As a direct and proximate result of

Zurich's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum

jurisdictional limits of this Court, for which Plaintiff now sues.

53.  All of the above-described acts, omissions, and failures of Zurich are a direct and

proximate cause of Plaintiff's damages.

54.  Because Zurich's actions and conduct were committed knowingly and intentionally,

Plaintiff is entitled to recover, in addition to all damages described herein, and additional penalty

damages, in an amount not to exceed three times such actual damages, for Zurich having

knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages

in an amount not to exceed three times the amount of actual damages due to Zurich having

intentionally committed such conduct.

55.  As a result of Zurich's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Texas Business and Commerce Code Section 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

**Count IV - Violations of Texas Insurance Code**

56.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

57. Zurich's violations of the Insurance Code include, without limitation, all the conduct described herein and Zurich's failure to properly investigate Plaintiff's claims. They also include Zurich's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and its failure to pay for the proper repair of the Property, as to which Zurich's liability had become reasonably clear.

58.  Additional violations include Zurich's hiring of and reliance upon a biased adjuster and/or engineer to obtain favorable, result-oriented reports to assist them in low-balling and denying Plaintiff's claim. They further include Zurich's failure to look for coverage and provide reasonable explanation for their denial, as well as Zurich's misrepresentations of coverage under the subject insurance policy.

59.  More specifically, Zurich's actions constitute unfair methods of competition and unfair or deceptive acts or practices as well as prompt payment failures in violation of the Texas Insurance Code, including but not limited to, Sections 541.060 and 541.061. 542.055, 542.056, 542.058.

60. Zurich engaged in the following non-exhaustive unfair methods of competition and unfair and deceptive acts or practices in the business of insurance in violation of Sections 541.060 and 541.051 of the Insurance Code:

a.   Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.   Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Zurich's liability has become reasonably clear;

c.   Failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

d.   Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff and to submit a reservation, or to submit a reservation of rights to Plaintiff;

e.   Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered;

f.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

g.   Misrepresenting an insurance policy by making an untrue statement of material fact and/or making a statement that would mislead a reasonably prudent person to a false conclusion of a material fact;

h.   Misrepresenting an insurance policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

i.   Misrepresenting an insurance policy by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

61. Zurich engaged in the following unfair claims settlement practices in violation of Section 542.003 of the Insurance Code

a.   Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

b. Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurance policy;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

d. Not attempting in good faith to effect a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear;

e. Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

62. Zurich engaged in the following non-exhaustive prompt payment failures in violation of Sections 542.055, 542.056 and 542.058 of the Insurance Code:

a. Failing to acknowledge receipt of Plaintiff's claim, commence investigation of the claim and request from Plaintiff all items, statements and forms that the insurer reasonably believes will be required from the claimant within the applicable time constraints.

b. Failing to notify Plaintiff in writing of the acceptance or rejection of a claim within the time constraints required after receiving all items, statements and forms required by Zurich to secure final proof of loss.

c. Delaying payment of Plaintiff's claim following Zurich's receipt of all items, statements and forms reasonably requested and required for longer than the applicable time constraints.

63. Plaintiff was the insured or beneficiary of a claim that was valid, and Plaintiff relied upon Zurich's unfair or deceptive acts or practices to its detriment.

64. As a direct and proximate result of Zurich's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

65. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Zurich's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, additional damages in an amount not to exceed three times the amount of actual damages.

13

66. As a result of Zurich's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the Texas Business & Commercial Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

### Count V – Breach of Duty of Good Faith and Fair Dealing

67. Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

68. By its acts, omissions, failures and conduct, Zurich breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its refusal, even after being provided evidence of the deficiencies of Zurich's investigation by Plaintiff.

69. Zurich has also breached its duty of good faith and fair dealing owed to Plaintiff by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim when Zurich knew or should have known that it was reasonably clear that Plaintiff's claims were covered.

70. It is clear based on Zurich's refusal to acknowledge the deficiencies in its investigation that Zurich's investigation was conducted in a manner calculated to construct a pretextual basis for denial.

71. These acts, omissions, failures, and conduct by Zurich are a proximate cause of Plaintiff's damages.

### Count VI - Misrepresentation

72.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

73.  Zurich made misrepresentations to Plaintiff regarding the Policy, Plaintiff's coverage and the adequacy of its investigation. Zurich's misrepresentations include, but are not limited to, that Zurich would and did thoroughly and adequately investigated and handle Plaintiff's claims and that there were no damages covered by the Policy.

74. Zurich failed to exercise reasonable care or competence in obtaining or communicating the misrepresentations.

75. Plaintiff justifiably relied on Zurich's misrepresentations and as a direct and proximate result suffered damages, including but not limited to, actual property damage, business losses, extra expenses incurred to continue operations, engineering and estimating expenses, and attorney's fees and costs as a result.

### Count VII – Common-Law Fraud By Misrepresentation

76.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

77. Zurich made misrepresentations to Plaintiff regarding the Policy, Plaintiff's coverage and the adequacy of its investigation. Zurich's misrepresentations include, but are not limited to, that Zurich would and did thoroughly and adequately investigated and handle Plaintiff's claims and that there were no damages covered by the Policy. Zurich knew its representations were false, or made the representations recklessly without knowledge of its truth or falsity.

78. Zurich made its misrepresentations with the intention that Plaintiff act in reliance upon them.

79. Plaintiff acted in reliance on the misrepresentations and as a direct and proximate result suffered damages, including but not limited to, actual property damage, business losses, extra expenses incurred to continue operations, engineering and estimating expenses, and attorney's fees and costs as a result.

## VII.

### CAUSES OF ACTION AGAINST YOUNG & ASSOCIATES

### Count I – Violations of Texas Deceptive Trade
### Practices Act and Tie-In-Statutes

80.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

81. Young & Associates' actions constitute violations of the Deceptive Trade Practices Act ("DTPA"), including, but not limited to Sections 17.46(b) and Section 17.50(a)(3) and (4) of the Texas Business and Commerce Code.

82. Young & Associates represented to Plaintiff that its investigative services had characteristics or benefits that they actually did not have, which entitles Plaintiff to recover under DTPA Section 17.46(b)(5).

83.  Young & Associates represented to Plaintiff that its investigative services were of a particular standard, quality, or grade when they were of another, in violation of DTPA Section 17.46(b)(7).

84. Young & Associates represented to Plaintiff that its investigative services conferred rights, remedies or obligations which they did not in violation of DTPA Section 17.46(12).

85. More specifically, among other representations, Young & Associates represented that it would completely, adequately, thoroughly investigate and handle Plaintiff's claim, but failed to do so, in violation Sections 17.46(b)(5), (7), and (12) of the DTPA.

16

86. Young & Associates' actions, as described herein, were unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Young & Associates' unconscionable conduct entitles Plaintiff to relief under DTPA Section 17.50(a)(3).

87. Young & Associates' conduct, acts, omissions, and failures, as described in this Petition, constitute violations of Chapter 541 of the Insurance Code in violation of DTPA Section 17.50(a)(4).

88. Plaintiff was a consumer, as defined under the DTPA, and relied upon Young & Associates' false, misleading, and deceptive acts and practices to its detriment. As a direct and proximate result of Young & Associates' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sued.

89. All of the above-described acts, omissions, and failures of Young & Associates are a direct and proximate cause of Plaintiff's damages.

90. Because Young & Associates' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Young & Associates having knowingly committed their conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the actual damages due to Young & Associates having intentionally committed such conduct.

91. As a result of Young & Associates' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Texas Business and

17

Commerce Code Section 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### Count II - Violations of Texas Insurance Code

92.  Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

93. Young & Associates' violations of the Insurance Code include, without limitation, all the conduct described herein and Young & Associates' failure to properly investigate Plaintiff's claims.

94. More specifically, Young & Associates' actions constitute unfair methods of competition and unfair or deceptive acts or practices as well as prompt payment failures in violation of the Texas Insurance Code, including but not limited to, Sections 541.060 and 541.061.

95. Young & Associates engaged in the following non-exhaustive unfair methods of competition and unfair and deceptive acts or practices in the business of insurance in violation of Section 541.060 and 541.061:

    a.  Mispresenting an insurance policy by making an untrue statement of material fact;

    b.  Mispresenting an insurance policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    c.  Misrepresenting an insurance policy by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d.  Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    e.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

     f.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

     g.   Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue

96. Plaintiff was the insured or beneficiary of a claim that was apparently valid, and Plaintiff relied upon Young & Associates' unfair or deceptive acts or practices to its detriment.

97.  As a direct and proximate result of Young & Associates' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

98.  Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Young & Associates' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, additional damages in an amount not to exceed three times the amount of actual damages.

99.  As a result of Young & Associates' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover their costs and reasonable and necessary attorney's fees as permitted under Section 17.50(d) of the Texas Business & Commercial Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

**Count III - Misrepresentation**

100.    Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

101.    Young & Associates made misrepresentations regarding the Policy, Plaintiff's coverage and the adequacy of its investigation to Plaintiff. Young & Associates represented that it

would and that it did thoroughly and completely investigate and handle Plaintiff's claim, but instead it performed an inadequate and outcome-oriented investigation.

102.     Young & Associates failed to exercise reasonable care or competence in obtaining or communicating the misrepresentations.

103.     Plaintiff justifiably relied on Young & Associates' misrepresentations and suffered losses, including, but not limited to, actual property damage, business losses, extra expenses incurred to continue operations, engineering and estimating expenses, and attorney's fees and costs as a result.

### Count IV – Common-Law Fraud by Misrepresentation

104.      Plaintiff hereby incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

105.     Young & Associates made misrepresentations regarding the Policy, Plaintiff's coverage, and the adequacy of its investigation to Plaintiff. Young & Associates represented that it would and that it did thoroughly and completely investigate and handle Plaintiff's claim, but instead it performed an inadequate and outcome-oriented investigation.

106.     Young & Associates knew its representations were false, or were made recklessly without any knowledge if their truth or falsity

107.     Young & Associates made its misrepresentations with the intention that Plaintiff act in reliance upon them.

108.     Plaintiff acted in reliance based upon the misrepresentations made by Young & Associates.

109.     Plaintiff suffered losses, including, but not limited to actual property damage, business losses, extra expenses incurred to continue operations, engineering and estimating expenses, and attorney's fees and costs as a result.

## VIII.

## WAIVER AND ESTOPPEL

110.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

111.     Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## IX.

## DAMAGES

112.     The damages Plaintiff seeks are within the jurisdictional limits of this court.

113.     Plaintiff seeks monetary relief over $1,000,000.

## X.
## ADDITIONAL DAMAGES & PENALTIES

114.     Defendants' conduct was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under DTPA Section 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is also entitled to interest on the amount of its claim, as allowed by the Texas Insurance Code.

# XI.

## ATTORNEY'S FEES

115.     In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and Sections 38.001 et. seq. of the Civil Practice and Remedies Code.

# XII.

## JURY DEMAND

116.     Pursuant to Texas Constitution Article 1, Section 15, Plaintiff demands for a trial by jury in this action of all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Judgment be entered against Zurich and Young & Associates, that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or unpled within its Original Petition.

DATED this 4th day of January, 2018.

The Bukowski Law Firm, P.C.

_____
Sean Bukowski
Texas Bar No. 24031896
1601 Rio Grande, Suite 300A
Austin, Texas 78701
sbukowski@bukowskilawfirm.com
(512) 614-0335
(832) 201-0822 (fax)

## ATTORNEYS FOR PLAINTIFF

22